# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2024

Lyle W. Cayce
Clerk

No. 21-30625

Percy Taylor,

*Plaintiff—Appellee*,

*versus*

James LeBlanc, *Secretary*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-72

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

Percy Taylor sued Secretary James LeBlanc in his individual capacity for Taylor's alleged overdetention in a Louisiana prison. The district court held that LeBlanc was not entitled to qualified immunity, and LeBlanc appealed.

There is no question that the Fourteenth Amendment guarantees that no state may "deprive any person of life, liberty, or property, without due

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

process of law." U.S. Const. amend. XIV, § 1. So it should go without saying that the government cannot hold a prisoner without the legal authority to do so, for that would "deprive" a person of his "liberty . . . without due process of law." *Id.* Consistent with these principles, "[o]ur precedent establishes that a jailer has a duty to ensure that inmates are timely released from prison." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011).

We review the denial of a motion to dismiss based on qualified immunity *de novo*, "accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). To overcome LeBlanc's motion to dismiss, Taylor's complaint must plausibly allege that he was overdetained. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). We conclude that Taylor did not plausibly allege that he was detained past his proper release date.

In 1995, Taylor pleaded guilty to a felony and was sentenced to ten years in prison. He was released on parole in December 2000.

On July 16, 2001, Taylor committed a subsequent felony. He was arrested for that felony on February 20, 2002, and detained pending trial on the subsequent felony. He eventually pleaded guilty to the new offense on October 15, 2003, and was ultimately sentenced to twenty years.

Louisiana law states that a parole revocation sentence and a subsequent felony sentence should be served consecutively. La. R.S. 15:574.10 (1993) ("The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court."). So Taylor needed to serve the remaining four years and eleven months on his first sentence *before* serving his twenty-year sentence.

That would put Taylor's full-time release date in February 2027. After taking into account the accumulation of various credits, the district court

concluded that Taylor was entitled to an earlier release date of May 5, 2020. Taylor was ultimately released even earlier than that, on February 18, 2020.

The district court's May 5, 2020 release date gave credit to Taylor for the 602 days he served in pre-trial detention—the period of time between February 20, 2002, and October 15, 2003.

According to Taylor, however, he should have been additionally entitled to 602 days of credit as applied to his parole revocation term. In other words, Taylor claims that he should have received *double credit* for his 602 days of pre-trial detention—a 602-day reduction in his parole revocation term, as well as a 602-day reduction in his subsequent felony term.

The Louisiana prison officials disagreed. They concluded that, under Louisiana law, Taylor was only entitled to receive 602 days of credit on his twenty-year sentence for his subsequent felony, not the five-year sentence for his parole violation.

We agree with the prison officials. When Taylor was arrested in February 20, 2002, he was arrested for the subsequent felony conviction. Taylor's parole was later revoked once he was convicted of the new felony. La. R.S. 15:574.10 (1993).

The revocation of Taylor's parole was deemed retroactive back to the date of the offense. But that does not entitle Taylor to credit for time served on the parole revocation. Louisiana law in effect at all relevant times prohibits parolees from accruing good time credit while in pre-trial detention on a subsequent felony. La. R.S. 15:574.9(E).

Notably, Taylor does not address how La. R.S. 15:574.9(E) impacted his sentence calculation anywhere in his complaint. We conclude that that omission is fatal and entitles LeBlanc to dismissal.

No. 21-30625

Because La. R.S. 15:574.9(E) independently prohibited good time credit *for parole violations*, Taylor should not have received 602 days of credit towards his first sentence. This means that the state court's error resulted in Taylor being released three months earlier than his release date on May 5, 2020.

We acknowledge that Taylor was entitled to the good time credit on his first sentence once it was awarded by the state court. *See Blair v. Stalder*, 798 So.2d 132, 139 (La. App. 1 Cir. 2001) (concluding that the Louisiana prisons must comply with state court sentencing determinations). But we do not agree that the delay in Taylor's release after the state court's decision was a result of LeBlanc's failure to train his officials to correctly calculate sentences. It appears to us that the prison officials' calculations were correct.

We reverse.